Lisa Kantor, Quin, Kully and Morrow, Los Angeles, Cal., for plaintiffs.

Virgil J. Butler, Covina, Cal., for defendant.

**SOUTHERN NIGHTS MUSIC CO., et al., Plaintiffs,**

v.

**James C. MOSES, d/b/a The Cabaret, Defendant.**

**No. CV 86–1254 JMI (Px).**

United States District Court, C.D. California.

April 28, 1987.

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

IDEMAN, District Judge.

This matter came regularly before the Honorable James M. Ideman, United States District Judge, for consideration. After full consideration of the moving and responding papers, exhibits and affidavits, the Court hereby makes the following Statement of Uncontroverted Facts and Conclusions of Law.

### UNCONTROVERTED FACTS

1. Defendant, James C. Moses, owns and operates the country and western night club "The Cabaret" located at 1846 East Huntington Drive, Duarte, California. The Cabaret presents musical entertainment to its patrons.

2. Plaintiffs, Southern Nights Music Co., et al., are the owners of the copyrights to (1) "Lookin For Love" (2) "Take Me Home Country Road" (3) "Tulsa Time" (4) "I Just Called To Say I Love You".

3. This action is brought on behalf of the plaintiffs by the American Society of Composers, Authors, and Publishers (here-

inafter "ASCAP"). Plaintiffs have an agreement with ASCAP to license the public performance of their copyrighted works on their behalf and to protect them from copyright infringement.

4. On September 18 and 19, 1985, two agents for ASCAP, Ronald DeZure and Barbara Lazar, went to the defendant's nightclub "The Cabaret" and heard (1) "Lookin For Love" (2) "Take Me Home Country Road" (3) "Tulsa Time" (4) "I Just Called To Say I Love You". The songs were performed at The Cabaret for the entertainment of its patrons.

5. The ASCAP informed the defendant that he was playing music which was copyrighted, and that he should purchase a license in order to avoid copyright infringement. Defendant did not purchase a license. The defendant continued to have copyrighted music performed at his establishment. Therefore, plaintiff willfully and knowingly violated the copyright of the plaintiffs.

## CONCLUSIONS OF LAW

1. James C. Moses is a copyright infringer pursuant to 17 U.S.C. § 106(4) which states that once a copyright has been validly obtained the owner of the copyright has the exclusive right to perform the copyrighted work. Any person who violates this exclusive right is a copyright infringer. 17 U.S.C. § 106(4).

2. The owner and operator of a place of public entertainment is liable for permitting unlicensed use of musical compositions on his or her premises. *Leigh v. Sakkaris*, No. C–81–1273, 215 USPQ 113, 115 (N.D. Cal.1982) [Available on WESTLAW, DCT database]; *Warner Brothers v. O'Keefe*, 468 F.Supp. 16, 20 (S.D.Iowa 1977).

3. The proprietor is liable for the performance of copyrighted works even if the copyrighted works are performed in direct contravention to the specific instructions of the proprietor. *Leigh v. Sakkaris*, No. C–81–1273, 215 USPQ 113, 115 (N.D. Cal.1982) [Available on WESTLAW, DCT database]. *Warner Brothers v. O'Keefe*, 468 F.Supp. 16, 20 (S.D.Iowa 1977).

4. Lack of knowledge of the groups program or the songs which are copyrighted is not a defense to copyright infringement. "A proprietor should not profit at the expense of song composers by instructing musical groups not to play it and then claiming ignorance of the groups program." *Chess Music v. Sipe*, 442 F.Supp. 1184, 199 USPQ 767 (D.Minn.1977).

5. The failure of ASCAP to provide the defendant with a list of the musical works it has a copyright to is not a defense to copyright infringement. The Court has concluded that "a proprietor should not profit at the expense of song composers by instructing musical groups not to play copyrighted music and by then claiming ignorance of their program. As the only purpose of a list would be to instruct the musicians not to play those pieces listed, production of a list is not a defense to copyright violations." *Leigh v. Sakkaris*, No. C–81–1273, 215 USPQ 113, 115 (N.D. Cal.1982); *Chess Music v. Sipe*, 442 F.Supp. 1184, 199 USPQ 767 (D.Minn.1977).

## JUDGMENT

This matter came regularly before the Honorable James M. Ideman, United States District Judge, for consideration. After full consideration of the moving and responding papers, exhibits and affidavits, and the file in the case, IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1. Plaintiffs' Motion for Summary Judgment is GRANTED.

2. The Court, pursuant to 17 U.S.C. § 502(a) Orders the defendant James C. Moses d/b/a "The Cabaret" to cease any performances of copyrighted music without the permission of the copyright owner.

3. The Court, pursuant to 17 U.S.C. § 504, awards the plaintiff damages for copyright infringement in the amount of $2130.00.

4. The Court, pursuant to 17 U.S.C. § 505, awards the plaintiff $3,796.00 for attorney's fees, and costs in bringing this lawsuit. Therefore, the defendant is ordered to pay $5926.00 to the plaintiffs with-

in thirty days from the date the Court's order is entered.